[No. 6203. Decided August 23, 1906.]

Dr. Koch Vegetable Tea Company et al., Appellants, v. George C. Gates, Respondent.[1]

Principal and Surety—Guaranty—Scope of Surety's Liability. In an action upon a contract of guaranty of a certain contract to be performed by one H. as agent of the plaintiffs, the defendant is not liable for any debt of H. not arising from such agency.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered September 29, 1905, after a trial on the merits before the court without a jury, in an action upon a written contract of guaranty. Affirmed.

Tolman & Kimball, for appellants.

Kenyon & Setters, for respondent.

Per Curiam.—This action was brought by the Dr. Koch Vegetable Tea Company against the respondent Gates, alleging he had entered into a written contract of suretyship or guaranty that one C. M. Howe should perform the contract which the said Howe had entered into with plaintiffs, and alleging that the said Howe was indebted to plaintiffs in a certain sum under said contract. Upon the trial of the cause by the court without a jury, the court found that the indebtedness of Howe was not created or incurred by him

[1] Reported in 86 Pac. 624.

under the contract for and upon which the defendant Gates became guarantor; that the plaintiffs and said Howe did not pursue or comply with the terms and conditions of the contract; that there was a fatal variance between the proofs adduced and the cause of action set out in the complaint; that plaintiffs fraudulently concealed from the defendant Gates any and all knowledge of any indebtedness owing from C. M. Howe to the plaintiffs prior to the date of the execution of the contract. From such findings of fact, the court found that defendant was entitled to judgment for his costs and disbursements, and judgment was entered in accordance therewith.

The contract upon which the complaint is based is too long to be set forth in this opinion; but from an inspection of it we are satisfied that the respondent, by signing it, became surety only for Howe as agent of the appellants, and not in any way responsible for any debt of Howe to the company not arising from such agency. And from the testimony, which is brief, we think the court was fully justified in concluding that the indebtedness of Howe to the plaintiffs for the recovery of which this action was brought, was not created or incurred by him under the contract for and upon which the defendant Gates became guarantor, and that there was a fatal variance between the proof adduced and the cause of action set out in the complaint. This being true, the plaintiffs could not recover.

The judgment is affirmed.